IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LEHMAN BROTHERS BANK, FSB, successor-in-interest to Capital Crossing Bank, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHTECH ENTERPRISES, LLC, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CV 07-183 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS
SHANNON MARIE CARTER AND CHARLES F. CARTER III**

COMES NOW, Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank (the "Bank") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") and respectfully requests that this Court enter judgment in favor of the Bank against Shannon Marie Carter and Charles F. Carter, III (the "Carters") on grounds that there is no genuine issue of material fact and the Bank is entitled to judgment as a matter of law. In support of this Motion, the Bank states as follows:

**STANDARD OF REVIEW**

Pursuant to Rule 56, summary judgment should be granted if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); Monaco v. Tanning Research Labs., Inc., 2007 U.S. App. LEXIS 5929 (11th Cir. 2007). The movant meets this burden by showing that there is an "absence of evidence to support the non-moving party's case." Duque v. United States, 2007 U.S. App. LEXIS 2491, 2-3 (11th Cir. 2007).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Newman v. Career Consultants, Inc., 470 F. Supp. 2d 1333, 1340 (M.D. Ala. 2007).

### STATEMENT OF UNDISPUTED FACTS

1.  Defendant SouthTech Enterprises, LLC ("STE") has consented to entry of judgment and admitted that it has no defense to the relief requested by the Bank in its Complaint. See SouthTech Consent to Judgment (*Docket No. 12*).

2.  On April 24, 2007, STE filed a petition for relief pursuant to Chapter 7 of Title 11 of the United States Code. The Bank does not seek any relief with regard to STE or the assets of STE in this motion.

3.  On August 24, 1999, STE executed a promissory note in favor of the Bank's predecessor in interest in the principal amount of $501,744.05 (the "STE Note"). Complaint (*Docket No. 1*) at ¶ 6; Carter Answer (*Docket No. 7*) at ¶1; SouthTech Consent to Judgment.

4.  On August 24, 1999, SouthTech Industries, Inc. ("STI") executed a promissory note in favor of the Bank's predecessor in interest in the principal amount of $500,212.00 (the "STI Note"). (STE and STI are collectively referred to as the "Borrowers"). Complaint at ¶8; Carter Answer at ¶1; SouthTech Consent to Judgment.

5.  On October 26, 2004, STI executed an additional promissory note in favor of the Bank's predecessor in interest in the principal amount of $250,000, secured in part by accounts receivable (the "AR Note") (the STE Note, the STI Note and the AR Note are collectively

referred to as the "Notes"). Complaint at ¶10; Carter Answer at ¶1; SouthTech Consent to Judgment.

6.  As of February 1, 2007, the total amount owed on the STE Note equaled $422,416.28, exclusive of accruing interest, costs and attorneys fees. Complaint at ¶19. SouthTech Consent to Judgment.

7.  As of February 1, 2007, the total amount owed on the STI Note equaled $256,878.23, exclusive of accruing interest, costs and attorneys fees. Complaint at ¶20; SouthTech Consent to Judgment.

8.  As of February 1, 2007, the total amount owed on the AR Note equaled $247,050.35, exclusive of accruing interest, costs and attorneys fees. Complaint at ¶21; SouthTech Consent to Judgment.

9.  On January 11, 2006, the Carters each executed an "Unconditional Guaranty" of the timely payment of all obligations of STE (the "Carter STE Guaranty"). Complaint at ¶12; Carter Answer at ¶1; SouthTech Consent to Judgment.

10. On January 11, 2006, the Carters further executed an "Unconditional Guaranty" of the timely payment of all obligations of STI (the "Carter STI Guaranty"). Complaint at ¶13; Carter Answer at ¶1

11. On January 11, 2006, STE executed an Unconditional Guaranty of the timely payment of all obligations of STI (the "STE Guaranty"). (The STE Guaranty, together with the Carter STE Guaranty and the Carter STI Guaranty, are referred to as the "Guaranties"). Complaint at ¶14; Carter Answer at 1; SouthTech Consent to Judgment.

903237.1

12. The Bank is entitled to immediate payment of all amounts due under the STE Note, the STI Note and the AR Note. Complaint at ¶ ¶24 & 26; SouthTech Consent to Judgment.

13. The Guaranties all contain the following language: "Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligation so Borrower to Bank…however and whenever incurred or evidenced, whether primary, secondary, direct, indirect, absolute, contingent, due or to become due…" See Exhibits G-I to the Complaint; Carter Answer at 1; SouthTech Consent to Judgment.

14. STE and STI have failed to make payments when due and the Notes are in default. As of April 25, 2007, the total amount owed to the Bank by pursuant to the Notes and the STE Guaranty, including interest, costs and attorney's fees totaled $1,105,215.83 (the "Total Debt"). Affidavit of Alexandros Evriviades.

### ARGUMENT

STE has admitted to all allegations and consented to judgment in the amount prayed for by the Bank. The Carters have admitted to the validity of the underlying obligations of STE and STI and to existence and accuracy of the Guaranties as attached to the Complaint. An unambiguous, absolute guaranty should be enforced according to its terms. Government Street Lumber Co. v. AmSouth Bank, N.A., 553 So. 2d 68, 75 (Ala. 1989); Williams v. Bank of Oxford, 523 So. 2d 367, 371 (Ala. 1988)(secured creditor is not required to liquidate collateral prior to collecting debt from guarantor). Pursuant to the explicit terms of the Guaranties, the Carters are liable for all amounts owed by STE to the Bank.

903237.1

## CONCLUSION

Based upon the undisputed facts, as a matter of law the Carters are liable to the Bank for the Total Debt and judgment is due to be entered against the Carters, jointly and severally, in the amount of $1,105,215.83 plus per diem interest of $215.07 until judgment is entered.

Dated: April 27, 2007

/s/ Christie L. Dowling
Attorney for Plaintiff
LEHMAN BROTHERS BANK, FSB, successor-in-interest to Capital Crossing Bank

**Of Counsel:**
Christie Lyman Dowling ASB-9508R72D
BALCH & BINGHAM LLP
1901 6th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 251-8100
cdowling@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served an exact copy of the foregoing by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid, on April 27, 2007, to the following:

Collier H. Espy, Jr.
Espy, Metcalf & Espy, P.C.
326 North Oates Street
Dothan, AL 36303

/s/ Christie L. Dowling
OF COUNSEL

903237.1

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **LEHMAN BROTHERS BANK, FSB,** <br> **successor-in-interest to Capital Crossing Bank,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SOUTHTECH ENTERPRISES, LLC, et al.,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CV 07-183 <br> ) <br> ) <br> ) <br> ) |

**AFFIDAVIT OF ALEXANDROS EVRIVIADES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS SHANNON MARIE CARTER AND CHARLES F. CARTER III**

1. The undersigned, Alexandros Evriviades, having personal knowledge of the facts herein and under the penalty of perjury states the following to be true and correct:

2. I am over 19 years of age and competent to testify.

3. I am currently employed as a Vice President of Capital Crossing, A Division of Lehman Brothers Bank, FSB (the "Bank").

4. I have reviewed the Complaint filed by the Bank in this case and through the course of my employment I have personal knowledge of the allegations contained therein.

5. SouthTech Enterprises, LLC ("STE") and SouthTech Industries, Inc. ("STI") have failed to make payments when due to the Bank. The STE Note, the STI Note and the AR Note (as defined in the Complaint) are currently in default.

903964.1

6.   As of April 25, 2007, the total amount owed to the Bank by STE and STI pursuant to the STE Note, the STI Note and the AR Note, including interest, late fees, costs and attorney's fees totaled $1,105,215.83 with per diem interest of $215.07.

*Further Affiant sayeth not.*

[signature]

Commonwealth of Massachusetts
County of Suffolk

On this 25th day of April, 2007, before me, the undersigned notary public, personally appered Alexandros Evriviades, Vice President of Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Notary Public

CARY T. MACAULEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct. 30, 2009

903964.1