IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 AUG -2 A 8: 12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CV 2007-183 ) |
| Southtech Enterprises, LLC, Charles F. Carter, III and Shannon Marie Carter, | ) ) ) ) |
| Defendants. | ) ) |

## APPLICATION FOR WRIT OF GARNISHMENT

Plaintiff Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank (the "Judgment Creditor"), pursuant to Fed. R. Civ. P. 64, files this Application for Writ of Garnishment to the Clerk of the United States District Court for the Middle District of Alabama to issue a Writ of Garnishment upon the Judgment entered against the defendant Charles F. Carter III (the "Judgment Debtor"), whose address is 503 Black Lake Road, Ariton, AL 36311.

On May 25, 2007, a Judgment was rendered by the United States District Court for the Middle District of Alabama, Southern Division in favor of above named plaintiff Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank, in the amount of $1,105,215.83 in principal, accrued interest, costs, and attorneys' fees through April 25, 2007, plus per diem interest of $215.07 from April 26, 2007 for a total judgment of $1,111,667.93, which Judgment was duly registered with the United States District Court for the Middle District of Alabama on the 25th day of May 2007.

921286.1

The Judgment Debtor is justly indebted to the Judgment Creditor in the amount of said Judgment, plus post judgment interest at the prevailing legal rate and costs of this writ, less $0.00 paid; and AG Edwards (the "Garnishee"), is believed to be indebted to the Judgment Debtor, or to have effects of the Judgment Debtor, in its possession or control.

For the foregoing reasons Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank, makes application to the Clerk of Court to issue a Writ of Garnishment upon the Judgment entered against the defendant Charles F. Carter III.

The name and address of the Garnishee or it's authorized agent is:

**AG Edwards, Attn: Garnishments, 751 Elba Highway, Troy, AL 36079.**

Dated this the 30 day of July 2007.

Christie L. Dowling

*Attorney for Plaintiff*

OF COUNSEL:
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 2600
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8799
E-Mail: cdowling@balch.com

921286.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank, <br><br> Plaintiff, <br><br> v. <br><br> Southtech Enterprises, LLC, Charles F. Carter, III and Shannon Marie Carter, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. CV 2007-183 ) ) ) ) ) ) ) |

## AFFIDAVIT FOR GARNISHMENT ON JUDGMENT

STATE OF ALABAMA )

JEFFERSON COUNTY )

Before me, the undersigned authority, personally appeared Christie L. Dowling of Balch & Bingham LLP, 1901 Sixth Avenue North, Suite 2600, Birmingham, Alabama 35203, who being by me duly sworn deposes and says as follows:

I am an attorney for the above-named plaintiff; on the 25th day of May, 2007 a judgment was rendered by the United States District Court for the Middle District of Alabama in favor of above named plaintiff Lehman Brothers Bank, FSB, successor-in-interest to Capital Crossing Bank, (the "Judgment Creditor"), and against the above-named defendant Charles F. Carter III, (the "Judgment Debtor"), in the amount of $1,105,215.83 in principal, accrued interest, costs, and attorneys' fees through April 25, 2007, plus per diem interest of $215.07 from April 26, 2007 for a total judgment of

$1,111,667.93, which judgment was duly registered with the United States District Court for the Middle District of Alabama on the 25th day of May 2007.

The Judgment Debtor is justly indebted to the Judgment Creditor in the amount of said Judgment, plus post judgment interest at the prevailing legal rate and costs of this writ, less $0.00 paid; and AG Edwards, hereinafter referred to as the Garnishee, is believed to be indebted to the Judgment Debtor, or to have effects of the Judgment Debtor, in its possession or control, and I believe process of garnishment against the Garnishee is necessary to obtain satisfaction of said Judgment.

Christie L. Dowling, Affiant

SWORN TO AND SUBSCRIBED BEFORE
me this 30th day of July 2007.

Raulle Lucas
NOTARY PUBLIC
My Commission Expires: 8/29/09

921286.1